UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                            Case No. 5:05cr44-RS-ALL

**PANHANDLE TRADING, INC.,
PANHANDLE SEAFOOD, INC.,
DANNY D. NGUYEN,
AN GIANG AGRICULTURAL AND FOOD
IMPORT EXPORT COMPANY,**
      a/k/a **AFIEX SEAFOOD INDUSTRY,**
      a/k/a **A. SEAFOOD INDUSTRY,**
**BUU HUY,**
      a/k/a **HUY BUU,**
**MEKONGFISH COMPANY,**
      a/k/a **MEKONIMEX,**
      a/k/a **MEKONGFISH,**
**CANTHO ANIMAL FISHERY PRODUCTS
PROCESSING EXPORT ENTERPRISE,**
      a/k/a **CAFATEX,**
and
**DUYEN HAI FOODSTUFFS PROCESSING
FACTORY,**
      a/k/a **COSEAFEX**

      **Defendants.**
_____/

## ORDER ON PANHANDLE DEFENDANTS' MOTION TO DISMISS
## COUNT ONE OF THE INDICTMENT

    Before the Court is Panhandle Defendants' Motion to Dismiss Count One of the Indictment (Doc. 54.)

    Defendants first contend that Count One of the Superseding Indictment (Doc. 9) should be dismissed because it would impermissibly allow a corporation - Panhandle Trading, Inc. ("PTI") or Panhandle Seafood, Inc. ("PSI") -  to conspire with a single human actor - Danny Nguyen.  In charging a defendant with a crime, it is of course the

burden of the government to establish a legal basis for the charge. It is not the burden of the Defendant to prove that a legal basis for the charge does not exist. In this case, the government has failed to identify legal authority to support its charge that under 18 U.S.C. § 371, an officer or agent of a corporation who acts alone can conspire with that corporation, regardless of whether that officer or agent is the sole shareholder or controlling member of the corporation.

The law is clear that a corporation and its officers or agents may be held liable under § 371 for conspiring with each other. See United States v. Stevens, 909 F.2d 431, 432 (11th Cir. 1990). However, the law is equally clear that "[a] corporate officer, acting alone on behalf of the corporation, could not be convicted of conspiring with the corporation." United States v. Peters, 732 F.2d 1004, 1008 (1st Cir. 1984) (citing United States v. Carroll, 144 F. Supp. 939, 941-42 (S.D.N.Y. 1956)). In Carroll, the court explained the rationale for this rule:

> [T]he policy [of holding combinations of corporations and combinations of directors of one corporation guilty of conspiracy] does not apply when one man uses a corporate form to carry out his crime. There is no organization and no one other than the sole criminal to deter or to punish. In effect, a man would be more severely punished if he chose to commit his crime by using a corporate form than he would be if he committed it through another business device. If the Government's theory were valid, it would mean that any individual corporate officer, who committed an illegal act within the framework of his corporate duties, also conspired with the corporation to commit that act. I have found no support for such an assertion and neither counsel has cited any. On the contrary, the traditional understanding of the term conspiracy repels such a notion.

Carroll, 144 F. Supp. at 942 (emphasis added).

While the Carroll court determined that the corporation was "dominated" by Carroll, the court's decision was also based on "the absence of evidence inculpating anybody else in the corporation" of conspiracy. Id. In this case, it is uncertain whether Nguyen dominated or controlled PTI or PSI. However, it is certain that the Superseding Indictment fails to allege that any other agent or officer of PTI or PSI was involved in the alleged conspiracy. The facts in this case are similar to those in Lockwood Grader

Corp. v. Bockhaus, 270 P.2d 193, 196-97 (Colo. 1954) where the court stated that:

> The record is silent as to whether [the alleged conspirator] consulted with any other officer or official of either corporation. Without that proof, no conspiracy was proven, for one person cannot conspire with himself.

(citations omitted.)

Notably, the Bockhaus court did not examine whether the alleged conspirator controlled or dominated the corporation. Similarly, the court in United States of America v. Santa Rita Store Co., 113 P. 620 (N.M. 1911) held that:

> Undoubtedly, a conspiracy might be formed by two corporations acting through agents, yet there must be more than one agent or more than one person actually engaged in the formation of the conspiracy. In this case a conspiracy was not formed because of a lack of persons. Deegan could not conspire with himself; neither could two or more corporations conspire alone by means of Deegan. Had some other officer or agent of either corporation participated in, or had knowledge of, the scheme, then a conspiracy might have been formed between the two defendant corporations.

Id. at 620-21 (emphases added.)

Here, as in Bockhaus and Santa Rita Store Co., the record is completely silent as to whether Nguyen consulted with any other officer or official of PTI or PSI in committing the alleged wrongdoing. The Superseding Indictment fails to allege that any other officer or agent of PTI or PSI participated in, had knowledge of, or was involved in the alleged criminal enterprise. Thus, all alleged wrongful acts of the corporations are, in essence, the alleged wrongful acts of a sole actor - Nguyen. Nguyen cannot conspire with himself. The court in Union Pacific Coal Co. v. United States, 173 F. 737, 745 (8th Cir. 1909) stated that

> [N]o case has been called to our attention that sustains the position that an agent of a corporation may alone form an unlawful combination between himself and his corporation by his thoughts and acts within the scope of his agency, without the knowledge or participation of any other agent or officer of the corporation. If he may, the distinction between the commission of an offense and a combination to commit it by a corporation vanishes into thin air; for a corporation can act only

> by an agent, and every time an agent commits an offense within the scope of his authority under this theory the corporation necessarily combines with him to commit it. This cannot be, and it is not, the law. The union of two or more persons, the conscious participation in the scheme of two or more minds, is indispensable to an unlawful combination, and it cannot be created by the action of one man alone.

(Emphasis added.) Consistent with precedent, various courts have stated that

> [t]he actions of two or more agents of a corporation, conspiring together on behalf of the corporation, may lead to conspiracy convictions of the agents (because the corporate veil does not shield them from criminal liabilty) and of the corporation (because its agents conspired on its behalf).

Peters, 732 F.2d at 1008 (citing United States v. S & Vee Cartage Co., 704 F.2d 914, 920 (6th Cir. 1983); United States v. Hartley, 678 F.2d 961, 970-72 (11th Cir. 1982); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 603 (5th Cir. 1981) (dictum)) (emphasis added.).

In United States v. Stevens, 909 F.2d 431 (11th Cir. 1990), the Eleventh Circuit held that "a sole stockholder who completely controls a corporation and is the sole actor in performance of corporate activities, cannot be guilty of criminal conspiracy with that corporation in the absence of another human actor." Id. at 431. Although the corporate agent in Stevens was the sole stockholder and completely controlled the corporation, it is clear from precedent and from the court's explanation of its holding that the same result would apply to a sole actor who does not completely control the corporation. The Stevens court stated that

> In this case, we confront a different situation: there is only one human actor, acting for himself and for the corporate entity which he controls. In the great majority of reported decisions involving intracorporate conspiracies under § 371, there were multiple human conspirators in addition to the corporate conspirator. Some cases have expressly indicated that multiple actors must be involved. (citations omitted.)
>
> The argument that a single human actor can be convicted of conspiracy under § 371 under the circumstances of this case flies in the face of the traditional justification for criminal conspiracies. Conspiracy is a crime separate from the substantive criminal offense which is the purpose of the

> conspiracy. This separate punishment is targeted not at the substantive offenses themselves, but at the danger posed to society by combinations of individuals acting in concert . . .
>
> The threat posed to society by these combinations arises from the creative interaction of two autonomous minds. It is for this reason that the essence of a conspiracy is an *agreement*. <u>The societal threat is of a different quality when one human simply uses the corporate mechanism to carry out his crime. The danger from agreement does not arise.</u>
>
> Even if it can be said that Stevens made up his mind as an individual to pursue fraudulent ends and at the same time made up the 'minds' of his corporations to pursue these same ends, this case lacks any interaction between multiple autonomous actors. The basis for punishing Stevens for the separate offense of conspiracy, in addition to the substantive offenses he committed, is not present in this case.
>
> Although it takes three incorporators to form a corporation in Florida, the Government does not assert that the incorporators, other than Stevens, were in any way involved in the criminal objective.
>
> We accordingly reverse Stevens's conviction for conspiracy under § 371.

Id. at 433-34 (emphases added.)

In no case cited by the government or in any authority known to this Court has it been held that an agent or officer of a corporation, regardless of whether he is the sole shareholder or dominant member of the corporation, can conspire with that corporation when the indictment fails to allege that any other agent or officer of the corporation was also involved in the alleged wrongdoing. A sole corporate agent cannot conspire with a corporation because a corporation has no mind of its own; the agent would, in effect, be conspiring with himself. Only where more than one agent is implicated can a conspiracy occur. The government has failed to establish a legal basis to support a conspiracy between Nguyen, PTI, and PSI.

However, while it is true that Nguyen, PTI, and PSI cannot be convicted for conspiring with each other, Defendants provide no legal support to warrant *dismissal* of Count One of the Superseding Indictment. The Superseding Indictment (Doc. 9) does

not allege solely that Nguyen, PTI, and PSI conspired with each other; rather, it alleges a conspiracy or conspiracies between eight individual and corporate defendants, including Nguyen, PTI, and PSI.  To remedy Defendants' concerns that the jury might improperly convict Nguyen, PTI, or PSI of conspiring with each other, the jury can be instructed that Nguyen, PTI, and PSI cannot be found guilty of conspiring with each other.  In Stevens, the conspiracy conviction was reversed because the judge failed to properly instruct the jury that Stevens could not have conspired with the corporations of which he was sole stockholder and actor after the jury submitted written questions to the judge specifically requesting clarification on that issue.  Id. at 432.  That mistake can be avoided in this case by properly instructing the jury.  Defendants shall include such an instruction when they submit their proposed jury instructions to the Court.  Dismissal of Count One is therefore unnecessary and superfluous.  Defendants provide no legal authority to support their contention that dismissal of the entire count is more appropriate than simply clarifying to the jury that it cannot (1) convict Nguyen of conspiring with PTI or PSI, (2) convict PTI or PSI of conspiring with Nguyen, or (3) convict PTI or PSI of conspiring with each other.

      Second, Defendants contend that Count One should be dismissed because it "is duplicitous in that it charges multiple separate alleged conspiracies as a single unitary conspiracy."  (Doc. 54:1 ¶ 1.) Defendants assert that "[t]he overt acts and averments of Count 1, however, suggest separate unrelated conspiracies, not a single, unified, conspiracy" because "[t]here is no allegation that the various Vietnamese parties had any knowledge of one another, let alone shared some common aim supported by any overt acts."  (Doc. 54:2-3 ¶ 5.)  This contention is without merit.

      It is not apparent from the allegations contained in the Superseding Indictment that "the overt acts and averments of Count 1 . . . suggested separate unrelated conspiracies."  Conspiracies may take on many different forms.  "Whether a single conspiracy or multiple conspiracies exist[] is a question of fact for the jury to determine." United States v. Elam, 678 F.2d 1234, 1245 (5th Cir. 1982) (citations omitted.)  Eleventh Circuit Pattern Instructions 13.2 (Multiple Objects) and 13.3 (Multiple Conspiracies) (2003)  instruct the jury accordingly.

      In addition and contrary to Defendants' contentions, it is not necessary that

Defendants have "knowledge" or "awareness" of co-conspirators or even that they know all the details of the alleged scheme in order to support a jury's finding of a single, unified conspiracy.  See Elam, 678 F.2d at 1246 (citing United States v. Brasseaux, 509 F.2d 157 (5th Cir. 1975)); see also Eleventh Circuit Pattern Instructions 13.1 & 13.6 (2003) ("A person may become a member of a conspiracy without knowing all the details of the unlawful scheme, and without knowing who all of the other members are.").  Thus, Defendants' second argument in support of its motion to dismiss Count One of the Superseding Indictment is without merit.

## CONCLUSION

Panhandle Defendants' Motion to Dismiss Count One of the Indictment (Doc. 54) is **denied**.

**ORDERED** on July 7, 2006.

**/s/ Richard Smoak**
**Richard Smoak**
**United States District Judge**