UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

vs.                          Case No. 5:05cr44-RS-ALL

**PANHANDLE TRADING, INC.,
PANHANDLE SEAFOOD, INC.,
DANNY D. NGUYEN,
AN GIANG AGRICULTURAL AND FOOD
IMPORT EXPORT COMPANY,**
      a/k/a **AFIEX SEAFOOD INDUSTRY,**
      a/k/a **A. SEAFOOD INDUSTRY,**
**BUU HUY,**
      a/k/a **HUY BUU,**
**MEKONGFISH COMPANY,**
      a/k/a **MEKONIMEX,**
      a/k/a **MEKONGFISH,**
**CANTHO ANIMAL FISHERY PRODUCTS
PROCESSING EXPORT ENTERPRISE,**
      a/k/a **CAFATEX,**
and
**DUYEN HAI FOODSTUFFS PROCESSING
FACTORY,**
      a/k/a **COSEAFEX**

      **Defendants.**
_____/

## ORDER ON PANHANDLE DEFENDANTS' MOTION TO DISMISS COUNT TWO OF THE INDICTMENT

Before the Court is Panhandle Defendants' Motion to Dismiss Count Two of the Indictment (Doc. 55.)

Count Two of the Superseding Indictment (Doc. 9) incorporates the allegations contained in Count One and alleges

> That on or about May 1, 2002, through the date of the return of this Indictment, in the Northern District of Florida and elsewhere, the defendants, Panhandle Seafood, Inc.,

> Panhandle Trading, Inc., and Danny D. Nguyen, did knowingly combine, conspire, confederate, and agree with each other and with other persons to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is, the international transfer of monetary instruments in the form of United States currency to one or more co-conspirators in the Socialist Republic of Vietnam from the State of Florida, which funds were in fact derived from a specific unlawful activity, that is, smuggling goods into the United States, in violation of Title 18, United States Code, Section 545, and entry of goods into the United States by means of false statements, in violation of Title 18, United States Code, Section 542, with the intent to promote the carrying on of these specified unlawful activities as charged in this Indictment, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).
>
> All in violation of Title 18, United States Code, Section 1956(h).

18 U.S.C. § 1956(a)(1)(A)(i) states that

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.

18 U.S.C. § 1956(h) states that

> Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Defendants contend that Count Two of the Superseding Indictment (Doc. 9) fails to support the charge of "money laundering conspiracy" under 18 U.S.C. § 1956(a)(1)(A)(i) and (h). Specifically, Defendants assert that a money laundering charge can exist only where Defendants used "net proceeds" from the underlying criminal enterprise to promote or conceal illegal activity. In this case, Defendants contend that the Government has alleged only that Defendants paid sums due to

Vietnamese exporters for the fish allegedly supplied. Defendants assert that such expenditures consist of "gross receipts . . . used to buy inventory" rather than net proceeds. Defendants conclude that their alleged expenditures of "gross" rather than "net" proceeds did not "promote" unlawful activities nor were such expenditures designed to "conceal" a money laundering enterprise for purposes of 18 U.S.C. § 1956(a)(1)(A)(i) and (h). In essence, Defendants contend that the money laundering scheme alleged by the Government merges with the underlying crime and request dismissal of Count Two because "money laundering charges - whether promotional or concealment - cannot simply be 'tacked on' to any offense involving money in some fashion in order to enhance sentences or the Government's plea bargaining position."

Defendants' contentions are without merit. First, even assuming for purposes of discussion that a money laundering conspiracy under 18 U.S.C. § 1956(a)(1)(A)(i) and (h) can exist only where Defendants transferred net rather than gross proceeds, it is not apparent from the face of the Superseding Indictment that the alleged money transfers to the Vietnamese exporters were limited only to gross proceeds. Paragraph G(f) of the Superseding Indictment alleges that

> In furtherance of this conspiracy, Danny D. Nguyen, PSI and PTI deposited the <u>proceeds of the sales</u> of the sutchi catfish (swai) labeled as grouper, channa or bass into bank accounts owned by or under the control of PSI and PTI and subsequently paid Afiex, Cafatex, Mekongfish and Coseafex by way of international wire transfer for the falsely and fraudulently labeled sutchi catfish (swai) from the <u>proceeds of the commercial sales</u>.

Paragraph G(f) thus does not specify whether the "proceeds of the sales" are gross proceeds or net proceeds. Therefore, even if Defendants' narrow reading of "proceeds" is correct, dismissal is inappropriate because Defendants are actually challenging the sufficiency of the evidence (i.e. the nature, character, and extent of the proceeds) rather than the sufficiency of the allegations contained in the indictment.

In addition, Defendants cite to no controlling authority that the term "proceeds" contained in 18 U.S.C. § 1956(a)(1)(A)(i) is limited to "net proceeds." Under the definition of "proceeds" contained in the Uniform Commercial Code ("U.C.C."),

"proceeds" includes "<u>whatever</u> is received upon the sale, exchange, collection, or other disposition of collateral or proceeds."  U.C.C. § 9-306(1) (emphasis added.)  The Eleventh Circuit has adopted the U.C.C.'s definition of "proceeds."  <u>See</u> <u>United States v. Mitchell</u>, 666 F.2d 1385, 1389 (11th Cir. 1982) ("[a]ccordingly, we adopt the 1972 U.C.C. definition of proceeds.").  More recently, the Eleventh Circuit in <u>United States v. Silvestri</u>, 409 F.3d 1311 (11th Cir. 2005) re-emphasized a broad reading of "proceeds" when it interpreted 18 U.S.C. § 1957, a parallel statute to 18 U.S.C. § 1956.  Section 1957 sanctions anyone who "knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity."  18 U.S.C. § 1957(a).  The term "criminally derived property" means "any property constituting, or derived from, proceeds obtained from a criminal offense . . . ."  18 U.S.C. § 1957(f)(2).  Construing the term "proceeds" contained in § 1957(f)(2), the Eleventh Circuit in <u>Silvestri</u> stated that

> While the term "proceeds" is not defined by the statute, 'we read the statute using the normal meanings of its words.' <u>Consol. Bank, N.A., Hialeah, Fla. v. United States Dep't of Treasury</u>, 118 F.3d 1461, 1463 (11th Cir. 1997). 'Courts must assume that Congress intended the ordinary meaning of the words it used . . . .' <u>Id.</u> (internal citation and quotation marks omitted). Moreover, 'absent a clearly expressed legislative intent to the contrary, that language is generally dispositive.' <u>Id.</u> (internal citation and quotation marks omitted). 'To determine the common usage or ordinary meaning of a term, courts often turn to dictionary definitions for guidance.' <u>United States v. McNab</u>, 331 F.3d 1228, 1237 (11th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1177, 124 S. Ct. 1406, 158 L. Ed. 2d 77 (2004) (alteration in original) (internal citation and quotation marks omitted). The term 'proceeds' simply represents 'what is produced by or derived from something (as a sale, investment, levy, business) by way of total revenue; the total amount brought in.' Webster's Third New International Dictionary 1807 (3d ed. 1961). Proceeds does not mean only cash or money. BLACK'S LAW DICTIONARY 1084 (5th ed. 1979) (<u>citing</u> <u>Phelps v. Harris</u>, 101 U.S. 370, 380, 25 L. Ed. 855 (1879) ('Proceeds are not necessarily money. This is also a word of great generality. Taking the words in their ordinary sense, a general power to dispose of land or real estate and to take in return therefor such proceeds as one thinks best, will include the power of disposing of them in exchange for other lands.')).

> In addition, Black's Law Dictionary explains that money, checks, and the like are generally called 'cash proceeds,' while all other proceeds are 'non-cash proceeds.' BLACK'S LAW DICTIONARY 1084. See also United States v. Akintobi, 159 F.3d 401, 403-04 (9th Cir. 1998) (checks stolen from the mail or obtained by fraud were 'proceeds' for purposes of money laundering statute, even though checks ultimately proved worthless because accounts backing them up were either empty or closed); United States v. Haun, 90 F.3d 1096, 1101 (6th Cir. 1996) (checks defendant received from the fraudulent sales of the automobiles fall within the common understanding of 'proceeds,' and thus constitute 'proceeds' for money laundering purposes).

United States v. Silvestri, 409 F.3d 1311, 1333 (11th Cir. 2005).  Thus, "the depositing and cashing of checks that represented the proceeds of the [unlawful activity] promoted not only the Appellants' prior unlawful activity, but also their ongoing and future unlawful activity.  Such evidence is sufficient to sustain a conviction for promotional money laundering."  Id. at 1334 (citations omitted.) Defendants cite to no authority, other than non-binding case law from the Seventh Circuit, which limits "proceeds" only to profits or net proceeds.  See United States v. Scialabba, 282 F.3d 475, 476-77 (7th Cir. 2002). The Eleventh Circuit, however, interprets "proceeds" more broadly than the Seventh Circuit as demonstrated in Silvestri and the Eleventh Circuit's adoption of the definition of "proceeds" contained in the U.C.C.  Therefore, the face of the Superseding Indictment does allege a legally viable offense under 18 U.S.C. § 1956(a)(1)(A)(i) and (h).

Finally, Defendants contend that money laundering was not present in this case because the transactions at issue did not evidence a "design to conceal."  This contention is irrelevant because money laundering involving an intent to "conceal or disguise" is an offense codified in 18 U.S.C. § 1956(a)(1)(B).  Count Two, however, does not charge Defendants with committing an offense under § 1956(a)(1)(B); rather, Count Two charges Defendants with "promotional" money laundering and conspiracy to commit "promotional" money laundering under 18 U.S.C. § 1956(a)(1)(A)(i) and (h). Defendants' assertions on this point are therefore irrelevant.

## CONCLUSION

Panhandle Defendants' Motion to Dismiss Count Two of the Indictment (Doc. 55) is **denied**.

**ORDERED** on July 18, 2006.

<u>**/s/ Richard Smoak**</u>
**Richard Smoak**
**United States District Judge**