UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

vs.   Case No. 5:05cr44-RS-ALL

**PANHANDLE TRADING, INC.,
PANHANDLE SEAFOOD, INC.,
DANNY D. NGUYEN,
AN GIANG AGRICULTURAL AND FOOD
IMPORT EXPORT COMPANY,**
      a/k/a **AFIEX SEAFOOD INDUSTRY,**
      a/k/a **A. SEAFOOD INDUSTRY,**
**BUU HUY,**
      a/k/a **HUY BUU,**
**MEKONGFISH COMPANY,**
      a/k/a **MEKONIMEX,**
      a/k/a **MEKONGFISH,**
**CANTHO ANIMAL FISHERY PRODUCTS
PROCESSING EXPORT ENTERPRISE,**
      a/k/a **CAFATEX,**
**and
DUYEN HAI FOODSTUFFS PROCESSING
FACTORY,**
      a/k/a **COSEAFEX**

      **Defendants.**
_____/

### ORDER ON PANHANDLE DEFENDANTS' MOTION TO DISMISS COUNTS THREE THROUGH SIXTEEN OF THE INDICTMENT ON DOUBLE JEOPARDY GROUNDS

Before the Court is Panhandle Defendants' Motion to Dismiss Counts Three Through Sixteen of the Indictment On Double Jeopardy Grounds (Doc. 56.)

Defendants contend that Counts Three through Sixteen of the Superseding Indictment (Doc. 9) should be dismissed because the offenses alleged in Counts Three through Sixteen and arising under 16 U.S.C. § 3372(d)(1) contain no elements which

are not also elements of the offenses alleged in Counts Nineteen through Thirty-Two and arising under 18 U.S.C. § 542. In other words, Defendants assert that Counts Three through Sixteen, which are based on 16 U.S.C. § 3372(d)(1), "are merely a species of lesser included offenses relative to" those contained in Counts Nineteen through Thirty-Two, which are based on 18 U.S.C. § 542. Accordingly, Defendants claim that the alleged offenses arising under the two statutes merge into the same offense and that prosecuting them for both offenses would violate Defendants' double jeopardy protections under the Constitution. On that basis, Defendants request dismissal of Counts Three through Sixteen.

Counts Three through Sixteen allege violations of 16 U.S.C. § 3372(d)(1). Section 3372(d)(1) states that

> (d) False labeling offenses. It is unlawful for any person to make or submit any false record, account, or label for, or any false identification of any fish, wildlife, or plant which has been, or is intended to be -
>
> (1) imported, exported, transported, sold, purchased, or received from any foreign country;

16 U.S.C. § 3372(d)(1).

Counts Nineteen through Thirty-Two allege violations of 18 U.S.C. § 542. Section 542, entitled "Entry of goods by means of false statements" provides, in relevant part, that

> Whoever enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or makes any false statement in any declaration without reasonable cause to believe the truth of such statement, or procures the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall or may be deprived of any lawful duties; or
>
> Whoever is guilty of any willful act or omission whereby the United States shall or may be deprived of any lawful duties accruing upon merchandise embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or

>affected by such act or omission–
>
>Shall be fined for each offense under this title or imprisoned not more than two years, or both.

18 U.S.C. § 542.

The acts and occurrences which are alleged to have violated 16 U.S.C. § 3372(d)(1) - falsely labeling fish as one species when, in fact, Defendants knew the fish were a different species - are also the same acts and occurrences which are alleged to have violated 18 U.S.C. § 542.  Defendants therefore contend that they can only be charged under one of these statutes.

The sole issue presented in this Motion is whether charging Defendants for the same acts or occurrences under both 16 U.S.C. § 3372(d)(1) and 18 U.S.C. § 542 violates the Double Jeopardy Clause of the Fifth Amendment.  Under the Double Jeopardy Clause, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  The Double Jeopardy Clause provides three basic protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; (3) and protection against multiple punishments for the same offense.  Ohio v. Johnson, 467 U.S. 493, 498, 104 S. Ct. 2536, 2540, 81 L. Ed. 2d 425 (1984) (citations omitted).  This Motion implicates the third of these basic protections.

In this case, the alleged single acts of Defendants constituted alleged violations of two distinct statutory provisions.  The parties cite no authority, nor can this Court locate any authority, that specifically addresses whether convicting a defendant under both § 3372(d)(1) and § 542 violates a defendant's double jeopardy protections.  The issue is therefore one of first impression.

In Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the Supreme Court established the test for determining whether two offenses are sufficiently distinguishable to permit a defendant to be convicted under both:

>The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . 'A single act may be an offense

> against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' . . . Applying the test, we must conclude that here, although both sections [of a statute prohibiting the selling of drugs without their original packaging and the selling of drugs without a written order] were violated by the one sale, two offenses were committed.

Id. at 304, 52 S. Ct. at 182, 76 L. Ed. at 309.

Blockburger is controlling precedent.  See Tex. v. Cobb, 532 U.S. 162, 173, 121 S. Ct. 1335, 1343, 149 L. Ed. 2d 321, 331-32 (2001); United States v. Rahim, 431 F.3d 753, 758 (11th Cir. 2005) (per curiam) (applying the Blockburger rule to the defendant's claims of double jeopardy for multiple convictions under 18 U.S.C. § 924(c)), cert. denied, __ U.S. __, 126 S. Ct. 1820 (2006).  "[T]he proper focus is on the statutory elements of the two crimes . . . . If each offense requires proof of a fact that the other does not, the Blockburger test is satisfied despite any overlap in the proof necessary to establish the crimes." United States v. Moore, 43 F.3d 568, 571 (11th Cir. 1994). (citations omitted).  In light of these established principles of double jeopardy, the Court assesses the merits of the Motion.

In order to apply the Blockburger rule, it is first crucial to ascertain the precise elements required to establish violations of the relevant statutes.  Both parties have identified the elements which they believe establish violations of 16 U.S.C. § 3372(d)(1) and 18 U.S.C. § 542.  Not surprisingly, the elements urged by both parties differ.  What is surprising, however, is that neither party has cited to binding legal authority in support of their proffered elements.  In fact, Defendants simply set forth the elements required to prove violations of both statutes without identifying any legal authority at all to support the elements they urge this Court to apply.  The Government, although citing to persuasive authority from other circuits in support of their proffered elements, does not cite to binding legal authority.  This Court, however, is bound by Eleventh Circuit precedent.

In United States of America v. Ven-Fuel, Inc., 602 F.2d 747 (5th Cir. 1979), the court set forth the elements necessary to prove a violation of 18 U.S.C. § 542.  The

Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). This Court is therefore bound by the elements enunciated in Ven-Fuel. Per Ven-Fuel and the statute itself, the elements necessary to prove a violation of 18 U.S.C. § 542 are: (1) a false invoice, declaration, affidavit, letter, paper, statement, practice, or appliance; (2) which is material; (3) knowledge of the falsity; and that (4) as a result of the falsity, Defendants introduced or attempted to introduce imported merchandise into interstate commerce. See id. at 753 ("In addition to materiality, the Government must show (1) that the statement was in fact false, (2) that Ven-Fuel knew the statement was false, and (3) that as a result of the false statement, Ven-Fuel introduced or attempted to introduce residual fuel oil into interstate commerce.") See also United States v. Ackerman, 704 F.2d 1344 (5th Cir. 1983) (citing Ven-Fuel and identifying the "four essential elements which the government must prove in order to secure a conviction under 18 U.S.C. § 542" as the four elements already stated). Citing the Ven-Fuel decision, the court in United States v. Corcuera-Valor, 910 F.2d 198 (5th Cir. 1990) defined the materiality requirement and stated that

> Our Circuit interprets the part of § 542 that refers to goods entering the United States 'by means of' a false statement as requiring the government to prove, as an element of the offense, the materiality of the false statement - that but for the false statement the merchandise would not have been allowed to cross United States borders.

Id. at 199 (citing Ven-Fuel, Inc., 602 F.2d at 748.) The Corcuera-Valor court also stated that "[w]e emphasize that the latter part of § 542 [requiring the violative act or omission to be committed with a 'willful' state of mind] enumerates offenses which do not require proof of materiality." Corcuera-Valor, 910 F.2d at 200.

Although no Eleventh Circuit precedent identifies the elements required to establish a violation of 16 U.S.C. § 3372(d)(1), the statute itself is unambiguous. In addition, the Fifth Circuit, the closest sister of the Eleventh Circuit, concluded that § 3372(d)(1), like § 542, requires the defendant to have "knowledge of the falsity" but unlike the first part of § 542, does not require the falsity to be "material." See United

States v. Fountain, 277 F.3d 714, 714-718 (5th Cir. 2001).  The Fountain court stated that

> The *mens rea* requirement for violation of 16 U.S.C. § 3372(d), i.e., submitting false records, is set forth in the penalty provision at 16 U.S.C. § 3373(d)(3)(A)(ii).  It provides that a person who *knowingly* violates § 3372(d) shall be guilty . . . . Congress chose knowingly as the mens rea requirement for the false-records provision.
>
> Appellants also contend that materiality is an element of § 3372(d).  They reason that, in the absence of a 'willfulness' element, there must be a materiality element because the statute otherwise becomes one of strict liability.  We disagree . . . .
>
> The Supreme Court has established a two-part test for determining whether materiality is an element of a particular federal crime.  First, look to whether the text of the statute requires a showing of materiality.  Second, if there is no requirement of materiality in the statute, look to see whether Congress used terms which have a specific common-law meaning which incorporated the materiality requirement (citations omitted).
>
> The text of § 3372(d) contains no materiality requirement. Moreover, the terms used by Congress, 'make or submit any false record, account, or label for, or any false identification of any fish . . .' have no specific common-law meaning which incorporate a materiality requirement.  Thus, appellants' 'materiality' argument also fails.

Id.  This Court is unaware of any decision from another circuit which directly addresses the elements of § 3372(d)(1) or which disapproves of the Fountain decision. Accordingly, the elements required to establish a violation of 16 U.S.C. § 3372(d)(1) include:  (1) a false record, account, or label for, or any false identification of any fish, wildlife, or plant; (2) knowledge of the falsity; and (3) the fish, wildlife, or plant were actually or were intended to be imported, exported, transported, sold, purchased, or received from any foreign country.

With the elements ascertained, the question that must now be answered is whether "each provision requires proof of a fact which the other does not."  Blockburger,

284 U.S. at 304, 52 S. Ct. at 182, 76 L. Ed. at 309.  In this case, that question is answered in the affirmative:

    1.  Section 542 requires that the item introduced or intended to be introduced into interstate commerce be "merchandise"; section 3372(d)(1) requires that the item actually or intended to be imported, exported, transported, sold, purchased or received from a foreign country be "fish, wildlife, or plant."

    2.  The first part of § 542 requires proof that the false invoice, declaration, affidavit, letter, paper, statement, practice, or appliance be "material"; section 3372(d)(1) does not require proof that the false record, account, or label for, or any false identification be "material."

    3.  The latter part of § 542 requires that the violative act or omission be committed with a "willful" state of mind; section 3372(d)(1) requires a "knowing" state of mind.

    Defendants make no attempt to analyze these statutory distinctions.  In fact, they do not even discuss them.  Instead, Defendants implicitly suggest that § 542's emphasis on "merchandise" and § 3372(d)(1)'s emphasis on "fish, wildlife, or plant" are irrelevant because the government applies the same fact - "fish" - to satisfy elements of both statutes.  However, the inquiry under Blockburger focuses not on the case-specific facts that *satisfy* the elements of the statutes at issue; rather, the Blockburger rule focuses on the *elements* of the *provisions or statutes themselves*.  The precise language of the Blockburger rule supports this conclusion:

> [T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'

Blockburger thus focuses on the requirements of each provision or statute, not on the case-specific facts which *satisfy* the requirements of the provision or statute.  See United States v. Moore, 43 F.3d 568, 571 (11th Cir. 1994) ("The proper focus is on the statutory elements of the two crimes . . . .") (emphasis added).  This focus on the statutory elements rather than on the facts which satisfy those elements permits the

Court to discern two crucial pieces of information: (1) whether Congress truly intended to create distinct statutory offenses under which a defendant may be cumulatively punished and (2) whether such statutory offenses pass constitutional muster for purposes of double jeopardy.  And even assuming that "fish, wildlife, and plant" are indistinguishable from "merchandise," see United States v. Lee, 937 F.2d 1388, 1397 (9th Cir. 1991) ("We conclude that Congress desired that section 545 [which, like § 542, applies to 'merchandise',] continue to apply to unlawful importations of fish and wildlife"), the materiality and mens rea distinctions in the statutory elements still render the statutes distinguishable from each other.

   Furthermore, it is apparent that Congress enacted both statutes for different purposes.  Section 542 is contained in Title 18 and is entitled "Crimes and Criminal Procedure," Part I "Crimes," Chapter 27 "Customs," and its specific heading reads "Entry of goods by means of false statements."  Section 3372(d)(1), on the other hand, is contained in Title 16 "Conservation" and in Chapter 53 which reads "Control of Illegally Taken Fish and Wildlife."  Thus, while section 542 is a general customs statute designed to punish and deter the entry of goods into the United States by means of false statements, section 3372(d)(1) was designed to conserve and protect fish, wildlife, and plants.  The purposes of both statutes are thus fundamentally different.  While a violation of § 542 threatens American commerce, a violation of § 3372(d)(1) threatens conservation.  If, as here, a defendant allegedly violated customs laws by introducing goods by means of false statements into the United States and *in addition*, chose to falsely label a protected class of imports including fish, wildlife, or plants, a defendant may be punished for committing both transgressions.

   The issue presented here is similar to that presented in United States v. Beacon Brass Co., 344 U.S. 43, 73 S. Ct. 77, 97 L. Ed. 61 (1952).  There, the defendants were indicted under 26 U.S.C. § 145(b) (now 26 U.S.C. § 7201) for willfully attempting to evade taxes by making false statements to Treasury representatives.  The district court dismissed the indictment and held that by enacting a general false statement statute, 18 U.S.C. (1946 ed.) § 80 (now 18 U.S.C. (Supp. V) § 1001), Congress intended to punish the making of false statements under the general statute rather than under the more specific statute.  The Supreme Court reversed and held that the indictment should not

have been dismissed. Instead, the defendant's acts were indictable under both the specific statute and the general statute. The Court stated that

> We have before us two statutes, each of which proscribes conduct not covered by the other, but which overlap in a narrow area illustrated by the instant case . . . The question raised by the decision below is whether by enacting a statute specifically outlawing all false statements in matters under the jurisdiction of agencies of the United States, Congress intended thereby to exclude the making of false statements from the scope of § 145(b).

Id. at 45-46, 73 S. Ct. at 78-79, 97 L. Ed. at 64-65. The Court determined that "[a]t least where different proof is required for each offense, a single act or transaction may violate more than one criminal statute." Id. The Court then distinguished between the specific statute, § 145(b), which requires proof that the false statements were made with a willful effort to evade taxes and the general false statement statute, which merely requires proof that a false statement was made in a matter within the jurisdiction of a department or agency of the United States. Id. The Beacon Court concluded that

> [f]inally, the enactment of other statutes expressly outlawing false statements in particular contexts, *e.g.,* 18 U.S.C. (Supp. V) §§ 1010, 1014, negates the assumption - which was the foundation of the decision of the court below - that Congress intended the making of false statements to be punishable only under § 35(A).

Id.

The reasoning in Beacon Brass instructs the analysis here. Like the general and specific statutes in Beacon Brass, the statutes at issue here include a general customs statute and a more specific statute protecting only fish, wildlife, and plants. An examination of both statutes, like the Court's analysis of the two statutes in Beacon Brass, reveals differences in the statutory elements necessary to establish violations of § 542 and § 3372(d)(1). Finally, the enactment of other statutes expressly outlawing false statements in particular contexts negates the assumption that Congress intended only to punish the making of false statements concerning imports under the more general statute that is codified in § 542.

Defendants cite to United States v. Vallejo, 297 F.3d 1154 (11th Cir. 2002) in

support of their Motion and contend that "in considering a motion to dismiss based on double jeopardy, the trial court must rely on the objective facts and circumstances of the particular case."  Defendants' reliance on Vallejo is puzzling.  Vallejo addressed appellant-defendants' claims that the Double Jeopardy Clause barred their retrial because the government intentionally precipitated a mistrial in order to gain a better opportunity to convict them in a second trial.  Not only did the Eleventh Circuit find the double jeopardy claims of the defendants in Vallejo to be without merit, but Vallejo does not even address the genre of double jeopardy that is alleged in this case:  an indictment charging a defendant with violations of two similar statutes despite the fact that the alleged violations arise out of a single set of transactions or occurrences.  For all of these reasons, Defendant's Motion must be denied.

## CONCLUSION

Panhandle Defendants' Motion to Dismiss Counts Three Through Sixteen of the Indictment on Double Jeopardy Grounds (Doc. 56) is **denied**.

**ORDERED on July 27, 2006.**

**/s/ Richard Smoak**
**Richard Smoak**
**United States District Judge**