UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

vs.                                                    Case No. 5:05cr44-RS-ALL

**PANHANDLE TRADING, INC.,**
**PANHANDLE SEAFOOD, INC.,**
**DANNY D. NGUYEN,**
**AN GIANG AGRICULTURAL AND FOOD**
**IMPORT EXPORT COMPANY,**
    a/k/a **AFIEX SEAFOOD INDUSTRY,**
    a/k/a **A. SEAFOOD INDUSTRY,**
**BUU HUY,**
    a/k/a **HUY BUU,**
**MEKONGFISH COMPANY,**
    a/k/a **MEKONIMEX,**
    a/k/a **MEKONGFISH,**
**CANTHO ANIMAL FISHERY PRODUCTS**
**PROCESSING EXPORT ENTERPRISE,**
    a/k/a **CAFATEX,**
**and**
**DUYEN HAI FOODSTUFFS PROCESSING**
**FACTORY,**
    a/k/a **COSEAFEX**

       **Defendants.**
_____/

### ORDER ON PANHANDLE DEFENDANTS' MOTION TO DISMISS COUNTS SEVENTEEN AND EIGHTEEN OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE

Before the Court is Panhandle Defendants' Motion to Dismiss Counts Seventeen and Eighteen of the Indictment for Failure to State an Offense (Doc. 57.)

Counts Seventeen and Eighteen of the Superseding Indictment (Doc. 9) charge, in relevant part, that:

> Danny D. Nguyen and Panhandle Seafood, Inc. . . . did make and submit a false record, account, and label for and false

> identification thereof, in that the defendants caused said fish to be packed in boxes labeled as 'FROZEN GROUPER FILLETS, Wild Caught,' when in truth and in fact, as the defendants then knew, said fish was sutchi catfish (swai) . . .
>
> All in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii) and Title 18, United States Code, Section 2.

One provision on which Counts Seventeen and Eighteen are based is 16 U.S.C. § 3372(d)(2), which states that

> False labeling offenses. It is unlawful for any person to make or submit any false record, account, or label for, or any false identification of any fish, wildlife, or plant which has been, or is intended to be--
>
> (2) transported in interstate or foreign commerce.

16 U.S.C. § 3372(d)(2). Defendants assert that a violation of § 3372(d)(2) requires that Defendants "make or submit" a false label. However, Defendants contend that

> the only allegations of the Indictment related to these Counts do not allege that the Panhandle Defendants made the allegedly false labels, nor that they submitted the labels to anyone in relation to the alleged shipments . . . . Rather, these labels were allegedly made in Vietnam.

Defendants therefore conclude that "[t]he Government has failed to allege the elements of a [violation of 16 U.S.C. § 3372(d)(2)] in Counts 17 and 18."

The Government counters that "[w]hile the indictment does not allege that the Panhandle Defendants personally mis-labeled the boxes in question, it clearly alleges that the defendants <u>caused</u> such fish to be packed in mis-labeled boxes." The Government contends that this allegation, if true, is enough to establish a violation of § 3372(d)(2). However, the Government cites to no authority, persuasive or binding, to support its contention that "packing" fish in mis-labeled boxes that have not been mis-labeled by Defendants is enough to establish a violation of § 3372(d)(2). The explicit language of the statute prohibits the "making" or "submitting" of a "false label"; the statute does not prohibit, at least on its face, the *packing* of goods in boxes that have already been mis-labeled. The Government has conceded that Defendants did not, in

fact, personally make or submit a false label.  While it may be true that packing goods in mis-labeled boxes is sufficient to establish a violation of § 3372(d)(2), "due process requires the prosecution to bear the burden of persuasion with respect to each element of a crime."  Reed v. Ross, 468 U.S. 1, 4, 104 S. Ct. 2901, 2904, 82 L. Ed. 2d 1, 7 (1984).  Particularly in this case, where the proffered interpretation of a statute contravenes the explicit language of that statute, the party urging the Court to accept that interpretation should at least provide support for the proffered interpretation by citing to authority and making arguments.  In this case, the Government cannot satisfy its burden of persuasion with respect to each element of the crime because it has failed to even establish what those elements are.  Nothing presented by the Government to this Court suggests that *packing* fish in mis-labeled boxes, when it is not alleged that the boxes were mis-labeled by Defendants, violates § 3372(d)(2).  Therefore, the Government's first argument in opposition to the Motion to Dismiss is without merit.

The Government also contends that in order to be convicted under § 3372(d)(2), a defendant need not "actually submit the labels to any person or agency since the mere act of making the labels is enough to ground a violation of this portion of § [3372(d)(2)].  Citing to United States v. Allemand, 34 F.3d 923 (10th Cir. 1994), the Government asserts that "the [Superseding Indictment] alleges that the defendants caused the false labels for the boxes to be made" and that "[u]nder Allemand, this act alone is a sufficient [sic] to support a [§ 3372(d)(2)] mis-labeling charge."  The Government's reliance on Allemand is puzzling.  In Allemand, the defendants complained that the trial court erred when it failed to instruct the jury that their alleged conspiracy in making or submitting false records would not have been unlawful if they had no duty under law to file those records.  Id. at 927.  The court disagreed, stating that "making or submitting false records is illegal regardless of whether one has a duty to submit those records."  Id.  Here, Defendants do not allege nor do they even discuss whether they had a "duty" to file records and the impact, if any, such a duty would have on the legality or illegality of their alleged actions.  Instead, Defendants assert that they did not "make or submit a false label" period.  Thus, Allemand contributes nothing to the analysis.  The issue, per the exact relevant statutory language, is whether Defendants "made or submitted any false record, account, or label."  16 U.S.C. § 3372(d)(2).  The

Government states, quite inaccurately in its response to the motion, that the indictment "alleges that the defendants caused the false labels for the boxes to be made." That is not what the Superseding Indictment states. The Superseding Indictment states, in relevant part, that "defendants caused said fish to be <u>packed</u> in boxes labeled as . . ." The Superseding Indictment does not allege that Defendants caused the false labels for the boxes to be made. The Government conceded as much when it stated that "the indictment does not allege that the Panhandle Defendants personally mis-labeled the boxes . . . [but] it clearly alleges that the defendants <u>caused</u> such fish to be packed in mis-labeled boxes." Therefore, the Government's second argument in opposition to the Motion to Dismiss is also without merit.

Finally, the Government contends that Counts Seventeen and Eighteen are sufficient because they charge Defendants not only as principals in the substantive offense under § 3372(d)(2) but also as aiders and abettors under the aider and abettor statute that is codified in 18 U.S.C. § 2. This contention *is* with merit. Under 18 U.S.C. § 2**,**

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2. Here, although the Government has failed to establish a legal basis for directly charging Defendants with violations of § 3372(d)(2) as already discussed, the Superseding Indictment does allege that Defendants aided and abetted the commission of violations under § 3372(d)(2). If Defendants did, in fact, aid and abet the commission of § 3372(d)(2) violations, they can then be punished as principals under 18 U.S.C. § 2. Clearly, knowingly or willfully packing fish in a mis-labeled box could constitute "aiding or abetting" the commission of a § 3372(d)(2) offense. This is so because a label is only made false when it is mismatched with the contents it describes. Thus, the alleged acts of Defendants in packing the fish in already labeled boxes so as to make those labels false can be said to have aided or abetted an offense under § 3372(d)(2). In this way, Defendants may be punished under 18 U.S.C.§ 2 as principals in the commission

of a § 3372(d)(2) offense.  This conclusion is supported by United States v. Trollinger, 415 F.2d 527 (5th Cir. 1969).  In Trollinger, appellant was charged under 18 U.S.C. § 2113(a) for bank robbery and under 18 U.S.C. § 2, the aider and abettor statute.  It was undisputed that Trollinger himself did not personally enter and rob the federally insured bank nor was he present when the bandit escaped.  However, Trollinger was nevertheless convicted as a principal for aiding and abetting the commission of the substantive offense.  Trollinger allegedly agreed to lend his car for use in the robbery and helped the bandit prepare a disguise.  In his appeal, Trollinger attacked the sufficiency of the indictment.  The Fifth Circuit stated that

> The indictment in this case unquestionably charged Trollinger with violating 18 U.S.C. § 2113(a) as a principal, and also referred specifically to the aider and abettor statute, 18 U.S.C. § 2.  Thus, the indictment is clearly sufficient to meet the long-recognized standard.
>
> Of course, it is clear that an aider and abettor may be charged as a principal and the words 'aid and abet' do not have to appear in the indictment.  (Citations omitted).
>
> Although we need not, and do not, decide it, we think the indictment would be sufficient even had objection been made at the trial level.  It is almost inconceivable that Trollinger could have been prejudiced in any way by the form of the indictment, since it clearly appears that the defense was aware of the particulars of the Government's case.

Id. at 528-29.  Here, like in Trollinger, the Superseding Indictment unquestionably charges Defendants with violating § 3372(d)(2) as principals and also refers specifically to the aider and abettor statute, 18 U.S.C. § 2.  Thus, under Trollinger, "the [superseding] indictment is clearly sufficient to meet the long-recognized standard," and "[i]t is almost inconceivable that [Defendants can be] prejudiced in any way by the form of the [superseding] indictment, since it clearly appears that the defense [is] aware of the particulars of the Government's case."  Interestingly, Defendants focus on the substantive offense, § 3372(d)(2), in their Motion to Dismiss Counts Seventeen and Eighteen.  Defendants ignore completely, without even discussing, the charges under 18 U.S.C. § 2 which are also contained in Counts Seventeen and Eighteen and which permit them to be charged as principals for aiding and abetting.  Under these

circumstances, the Motion must be denied.

## CONCLUSION

Panhandle Defendants' Motion to Dismiss Counts Seventeen and Eighteen of the Indictment for Failure to State an Offense (Doc. 57) is **denied**.

**ORDERED on July 31, 2006.**

<u>**/s/ Richard Smoak**</u>
**Richard Smoak**
**United States District Judge**