## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                            **Case Number :  5:05cr44/RS**

**PANHANDLE TRADING, INC.**

_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between PANHANDLE

TRADING, INC., Michael S. Pasano, attorney for the defendant, and the

United States Attorney for the Northern District of Florida.  This agreement

specifically excludes and does not bind any other state or federal agency,

including other United States Attorneys and the Internal Revenue Service,

from asserting any civil, criminal or administrative claim against

PANHANDLE TRADING, INC.

FILED IN OPEN COURT THIS

8/11/06

CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

## 2. TERMS

The parties agree to the following terms:

a.     PANHANDLE TRADING, INC. will plead guilty to Counts

One and Two of the Superseding Indictment. Count One charges that from

beginning in May 2002, and continuing through the date of the return of the

Superseding Indictment, in the Northern District of Florida and elsewhere,

the defendant did knowingly, willfully and unlawfully combine, conspire,

confederate and agree with others to commit offenses against the laws of the

United States, namely:

1.     to knowingly and willfully smuggle and clandestinely

introduce, and attempt to smuggle and clandestinely introduce, into the

United States catfish that should have been invoiced as required under

customs laws and regulations, with the intent to defraud the United States, in

violation of Title 18, United States Code, Section 545;

2.     to knowingly and willfully enter and introduce, and

attempt to enter and introduce, into the commerce of the United States,

imported catfish, by means of false statements and by means of false and

2

fraudulent invoices, declarations, affidavits and certain other papers, in violation of Title 18, United States Code, Section 542;

      3.    to knowingly make and submit false records, accounts, and labels for and false identifications of fish that had been and were intended to be transported in interstate or foreign commerce and imported into the U.S. or exported from the U.S., in violation of Title 16, United States Code, Sections 3372(d)(1) and 3373(d)(3)(A)(i); and

      4.    to knowingly engage in conduct involving the sale and/or purchase, offer of sale and/or purchase and intent to sell and/or purchase fish with a market value greater than \$350, and knowingly make or submit any false record, account, or label for, or any false identification of, such fish that has been or was intended to be transported in interstate commerce, in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii).

    b.    Count Two of the Superseding Indictment charges that on or about May 1, 2002, through the date of the return of the Superseding Indictment, in the Northern District of Florida and elsewhere, the defendant did knowingly combine, conspire, confederate and agree with other persons

3

to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is, the international transfer of monetary instruments in the form of United States currency to one or more co-conspirators in the Socialist Republic of Vietnam from the State of Florida, which funds were in fact derived from a specified unlawful activity, that is, smuggling goods into the United States, in violation of Title 18, United States Code, Section 545, and entry of goods into the United States by means of false statements, in violation of Title 18, United States Code, Section 542, with the intent to promote the carrying on of these specified unlawful activities as charged in the Superseding Indictment, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), all in violation of Title 18, United States Code, Section 1956(h).

c. As to Count One, the defendant faces a maximum possible fine of up to $500,000 or twice the gross pecuniary gain to the defendant from the offense or twice the gross pecuniary loss to the persons other than the defendant that resulted from the offense, a term of probation, the minimum of which is one year and the maximum of which is five years, and a $100 special monetary assessment.

4

d.      As to Count Two, the defendant faces a fine of up to $500,000, or twice the amount of the property involved in the transactions, a term of probation, the minimum of which is one year and the maximum of which is five years, and a $100 special monetary assessment. In addition, the defendant may face a civil penalty of the value of the property, funds, or monetary instruments involved in the transactions or $10,000.

e.      The defendant agrees to pay the special monetary assessment on or before the date of sentencing.

f.      Defendant is pleading guilty because they are in fact guilty of the charges contained in the Superseding Indictment. In pleading guilty to this offense, defendant acknowledges that were this case to go to trial, the government could present evidence to support this charge beyond a reasonable doubt.

g.      Upon the District Court's adjudication of guilt of PANHANDLE TRADING, INC. for the offenses of conspiracy to violate the laws of the United States, in violation of Title 18, United States Code, Section 371, and conspiracy to launder the proceeds of the unlawful activities alleged in the Superseding Indictment, in violation of Title 18,

5

United States Code, Section 1956(h), the United States Attorney, Northern District of Florida, will move to dismiss Counts Three through Forty-Two of the Superseding Indictment and will not file any further criminal charges against the defendant arising out of the same transactions or occurrences to which the defendant has pled.

h.     Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement. Should the defendant be charged with any offense alleged to have occurred after entry into this agreement, any statements, information or other evidence disclosed to the Government during the defendant's cooperation may be used against PANHANDLE TRADING, INC. in any such prosecution.

i.     The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence prescribed by statute for the offense.

6

j.     The United States Attorney will not recommend a specific
sentence. Both parties have the right to advise the District Court and other
authorities of their versions of the offenses committed by the defendant.
Both parties have the right to argue positions under the Sentencing
Guidelines, including requests for departures from the guideline range.

k.     PANHANDLE TRADING, INC. agrees to cooperate fully and
truthfully with the United States Attorney and his designated representatives
and with agencies identified by the United States Attorney in facilitating the
collection of any fine imposed and in facilitating the forfeiture of the
property which is subject to forfeiture under this agreement.

l.     PANHANDLE TRADING, INC. specifically waives any
privilege inconsistent with the cooperation required by this agreement.

m.     The United States Attorney agrees to make known his opinion
as to the nature and extent of the defendant's cooperation.

## 3. REVOCATION

a.     The parties agree that the United States Attorney may revoke
this agreement upon showing, by a preponderance of the evidence, any of
the following:

7

          1.      that defendant has refused to cooperate as required by this agreement;

          2.      that defendant has failed to comply with any of the terms of this agreement;

          3.      that defendant has engaged in further criminal conduct after entering into this agreement.

      b.      If this agreement is revoked,

          1.      The plea of guilty entered by PANHANDLE TRADING, INC. pursuant to this agreement and any judgment entered thereon shall remain in full force and effect and will not be the subject of legal challenge by the defendant.

          2.      The United States may file charges without limitation by this agreement.

## 4. SENTENCING

      a.      Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise at sentencing, the sentence is not subject to accurate prediction. The Court is not limited to

8

consideration of the facts and events provided by the parties. Adverse rulings, or a sentence greater than anticipated shall not be grounds for withdrawal of defendant's plea.

b. The United States Attorney does reserve the right to advise the District Court and any other authorities of its version of the circumstances surrounding the commission of the offenses by the defendant, including correcting any misstatements by defendant or defendant's attorney, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a).

d. The parties reserve the right to appeal any sentences imposed.

## 5. FORFEITURE

a. Prior to sentencing, the defendant shall accurately and completely identify every asset which is either owned by the defendant or is under the defendant's control. All property shall be identified, whether forfeitable or not.

b. Defendant agrees to fully and truthfully disclose all facts which could tend to make any interest which defendant owns or controls in

9

property forfeitable under the laws of any jurisdiction, including property
which may be forfeitable as substitute assets.

    c.    Defendant agrees to forfeit all forfeitable assets to the United
States or to agencies designated by the United States. Defendant shall take
all steps necessary to transfer forfeitable assets to the United States,
including but not limited to executing any documents, consenting in any
form or cause of action required by the United States, providing information
and supporting documentation within the defendant's possession or control,
and inducing persons holding property on the defendant's behalf to transfer
such property to the United States. These transfers shall be completed prior
to sentencing.

    d.    At his sole discretion, the United States Attorney may decline
to forfeit assets where the value, or level of equity, or interests not subject to
forfeiture, or costs, or other factors make profitable forfeiture impractical.

    e.    This plea agreement requires the defendant to forfeit any and all
interests that the defendant has in the following described property:

    1.    3014 East 1st Court, Panama City, FL 32401, further
described as:

Lots Number One (1) and Two (2), in Block Number One (1), Less and Except Sixty 60 feet off the East side of each Lot; Lots 3 through 9, inclusive, Block 1, according to the plat of North Mooretown, as on file in the Office of the Clerk of the Circuit Court, Bay County, Florida; and

Lots One (1) and Two (2) in Block fourteen (14), according to the Plat of North Mooretown, as on file in the Office of the Clerk of the Circuit Court of Bay County Florida.

All of the aforesaid property together with a portion of Olive Street bordered by Lots 1 through 4 of Block 1, and Lots 1 and 2 of Block 14, of the North Mooretown Plat as recorded in Office of the Clerk of Circuit Court, Bay County, Florida, and all of that certain 20.0 foot alley parallel to First Court running East and West bordered by Lot 3 and Lots 4 through 9 of Block 1 of the North Mooretown Plat as recorded in the Public Records of Bay County, Florida, as vacated by the City of Panama City under City Ordinance #1231, dated April 23, 1985.

  2. One 1994 Mitsubishi Fuso, Model FK457 truck bearing vehicle identification number JW6DNK1E0RL000407.

11

3.     Any and all interests in any and all fish seized by

agencies of the United States or agencies acting on behalf of the United

States as part of the investigation of the defendant which led to the return of

the Superseding Indictment in this case.

The United States agrees not to forfeit the property described as:

2203 Andrews Road, Lynn Haven, FL 32444, further described as: Lot 23,

according to the Plat of Mowat Highlands, Phase VII, as recorded in Plat

Book 16, Page 82, in the Office of the Clerk of the Circuit Court of Bay

County, Florida.

## 5. CONCLUSION

There are no other agreements between the United States Attorney,

Northern District of Florida and PANHANDLE TRADING, INC., and the

12

defendant enters this agreement knowingly, voluntarily and upon advice of counsel.

GREGORY R. MILLER
United States Attorney

MICHAEL S. PASANO
Attorney for Defendant

STEPHEN P. PREISSER
Florida Bar No. 303712
Assistant U.S. Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502
850/444-4000

Date

PANHANDLE TRADING, INC.
Defendant

ROBERT G. DAVIES
Florida Bar Number 704301
Assistant United States Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502
850/444-4000

Date

8/11/06
Date

13